IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| REGAL WEST CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GARRY NEEVES, ) <br> ) <br> Defendant. ) <br> _____) | No. 2:22-cv-01653-DCN <br><br> **ORDER** |

The following matter is before the court on plaintiff Regal West Corporation's ("Regal West") filing of a document for the status report hearing. ECF No. 24. For the reasons set forth below, the court directs the parties to file a motion should either Regal West or defendant Garry Neeves ("Garry") wish to lift the stay in the case.

## I.  BACKGROUND

Regal West brought this action against Garry as a result of his actions while an executive of Regal West. Regal West is a family company: its founder Roque Neeves involved both of his sons, Garry and Rand, in the business. Id. ¶¶ 1–6. The complaint alleges that Garry, a former executive of Regal West, exceeded his authority as Vice President, breached his fiduciary duties, and stole Regal West's "most sensitive trade secrets, business know-how, and intellectual property for use in another venture, Retail Exchange Network, Inc., [("RXN")] of which Garry is a 50% shareholder and for which he now serves as CEO." ECF No. 1, Compl. ¶ 9.

The parties have so far filed three separate lawsuits litigating these facts. The other two cases are in active litigation in the United States District Courts for the Central District of California and the Western District of Washington. Softketeers, Inc. v. Regal

1

West Corp., et al., No. 8:19-cv-00519 (C.D. Cal.) (the "California Action"); Regal West Corp. v. Minh Khai Nguyen, et al., No. 3:19-cv-5374 (W.D. Wash) (the "Washington Action"). The instant action (the "South Carolina Action") is the most recent case—Regal West initiated the Washington Action in May 2019 and Softketeers, Inc. ("Softketeers")[1] initiated the California Action in March 2019. Consequently, all three court cases (the California Action, the Washington Action, and the South Carolina Action) involve interrelated parties and the same overarching dispute: who owns the software.

Regal West filed this complaint against Garry on May 25, 2022. Compl. The complaint alleges four causes of action: (1) breach of fiduciary duty under the common law; (2) breach of fiduciary duty under S.C. Code Ann. § 33-8-300; (3) violation of the Defend Trade Secrets Act under 18 U.S.C. § 1836(b); and (4) violation of the South Carolina Trade Secrets Act under S.C. Code § 39-8-30. Id. ¶¶ 78, 83–84, 93, 101. Garry filed a motion to stay proceedings on July 20, 2022, requesting the South Carolina Action be stayed until the California Action and its appeals are resolved. ECF No. 15. The court granted the motion to stay on October 14, 2022. ECF No. 22.

---

[1] Softketeers is a software business based in California whose CEO, sole director, and shareholder is Minh Khai Nguyen ("Nguyen"). For two decades, Nguyen developed the software for Regal West. Compl. ¶ 30. In that time, Nguyen, Garry, and Rand Neeves formed the company MGR Software that embodied Regal West's trade secret know-how, but the company never got off the ground. Id. ¶¶ 32–33. Nguyen and Garry thereafter formed RXN—a software solution company.

## II.  DISCUSSION

The court's previous order granted a stay in this matter until the exhaustion of appeals in the California Action.  ECF No. 22.  Regal West filed a document described as a "Status Report" on March 14, 2023, which asserts that on February 17, 2023, final judgment was entered in the California Action.  ECF No. 24.  Garry replied to the Status Report on April 11, 2023, the same day as the scheduled status conference, which explains that post-trial motions and an appeal to the Ninth Circuit remain pending in the California Action such that the stay should not be lifted.  ECF No. 27.  The court directs the parties to file an appropriate motion to dissolve the stay should a party wish to have the stay lifted.  Fed. R. Civ. P. 27(a)(1) ("An application for an order or other relief is made by motion unless these rules prescribe another form.  A motion must be in writing unless the court permits otherwise.").

## III.  CONCLUSION

For the reasons set forth above, the court directs the parties to file a motion to dissolve stay should a party wish to have the stay lifted.

**AND IT IS SO ORDERED.**

DAVID C. NORTON
UNITED STATES DISTRICT JUDGE

**April 12, 2023**
**Charleston, South Carolina**

3